UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC ESQUIRE DETERS, | ) | CASE NO. 1:25-cv-640 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JUDGE MICHAEL BARRET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 23, 2025, the Court issued a memorandum opinion and order dismissing the complaint against all defendants pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 37 (MOO); Doc. No. 38 (Judgment).) In particular, the Court determined that plaintiff Eric Esquire Deters lacked standing to assert the claims raised in the complaint, and the Court further ruled that many of the claims were either barred by an applicable immunity or were entirely implausible. (Doc. No. 37, at 2.)

Now before the Court is plaintiff's motion, pursuant to Fed. R. Civ. P. 59, for reconsideration of the Court's opinion and judgment. (Doc. No. 43.) "In order to justify the alteration or amendment of a judgment under Rule 59(e), the movant must demonstrate: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Beasley v. United States*, No. 24-5092, 2024 WL 5400265, at *2 (6th Cir. Aug. 16, 2024) (quoting *Betts v. Costco Wholesale Corp.*, 558 F.3d 461,

474 (6th Cir. 2009) (further citation omitted)); *see Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (similar) (citations omitted). Any such motion must be filed within 28 days of the judgment from which the party seeks relief. Fed. R. Civ. P. 59(e).

Plaintiff does not offer *any* grounds for relief under Rule 59(e). Notably, he does not even mention the Court's determination that he lacks Article III standing to assert his claims, and he fails to demonstrate a clear legal error relative to the Court's finding of immunity and/or implausibility. Because plaintiff has failed to present a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice, his motion must be denied.

Rather, the crux of plaintiff's motion is his concern that the Court inaccurately represented in its memorandum opinion the status of his law license. (Doc. No. 43, at 1.) He notes that the Court incorrectly observed that he was disbarred from the practice of law in the State of Kentucky, when in fact he has never been disbarred. (*Id*.) Upon further review, the Court agrees with Deters that he has never been disbarred. Rather, Deters is a former member of the Kentucky Bar, suspended for disciplinary reasons. *See Deters v. Kentucky B. Ass'n*, 627 S.W.3d 917, 928-29 (Ky. 2021) (denying reinstatement of law license); (Kentucky Bar Association > For Public > KBA Currently Suspended and Disbarred Lawyers, last visited 1/16/2026.). The Court regrets this factual error and, even though it is not germane to the Court's ruling dismissing this action, it will issue a corrected memorandum opinion and order rectifying the error.

For the foregoing reasons, the motion for reconsideration is denied; however, for reasons discussed above, the Court's memorandum opinion and order and related judgment entry (Doc. Nos. 37 and 38) are hereby vacated, and the Clerk is ordered to seal those documents. The Court

will issue a corrected opinion and order (and accompanying judgment entry) rectifying any factual inaccuracy regarding the status of plaintiff's law license.

**IT IS SO ORDERED**.

Dated: January 16, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**